**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

William M. Narus
First Assistant United States Attorney
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

April 7, 2026

Benjamin T. Andersen
1000 SW Broadway Ste. #1740.
Portland, OR 97205

> Re:  *United States v. Fernando Adolip Cruz-Lerma*
> 3:19-cr-00482-IM
> Plea Agreement Letter

Dear Counsel:

1.  **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**:  Defendant agrees to plead guilty to Count One of the Superseding Indictment, which charges the offense of Conspiracy to Possess with the Intent to Distribute and to Distribute Controlled Substances and to use a Communication Facility, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(i) and (viii), 843(b), and 846.  Defendant agrees to plead guilty to the following objects of the conspiracy: possession with intent to distribute and distribution of methamphetamine.

3.  **Penalties**:  The maximum sentence on Count One of the Superseding Indictment is life imprisonment and a lifetime of supervised release, a mandatory minimum sentence of 10 years of imprisonment and 5 years of supervised release, a fine of $10,000,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), and a $100 fee assessment.

Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.  Defendant further stipulates to the forfeiture of the assets as set

forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

**Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.**

4.      **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.      **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

First, beginning on a date unknown and continuing up until October 2019, in the District of Oregon and elsewhere, there was an agreement between two or more persons to possess with the intent to distribute and to distribute controlled substances;

Second, the defendant joined the agreement knowing of its purpose and intending to help accomplish that purpose; and

Third, the quantity involved 50 grams or more of actual methamphetamine.

Defendant admits the elements of the offenses alleged in Count One of the Superseding Indictment.

Defendant admits that he and his conspirators did the following:

From a date unknown until in or about October 2019, the defendant agreed with another person to possess with the intent to distribute and to distribute 50 grams or more of actual methamphetamine in the District of Oregon and elsewhere.

From on or about April 10, 2019, until on or about April 13, 2019, in the District of Oregon and in furtherance of the conspiracy to distribute controlled substances, defendant transported Ricardo Corral Moreno from the state of Washington to Clackamas County, Oregon, due to a drug debt that Moreno owed to members of the drug trafficking conspiracy of which defendant was a member. Defendant was aware that other members of the conspiracy were

demanding money from Moreno's family and friends. Defendant assisted with disposing of Moreno's body along a rural county road after Moreno had been killed. Defendant agrees that the government can prove beyond a reasonable doubt that Moreno's death was both reasonably foreseeable and in furtherance of the drug trafficking conspiracy because Moreno owed money to members of the drug trafficking conspiracy.

On or about May 31, 2019, in the District of Oregon, defendant agreed with another member of the drug trafficking conspiracy to possess with the intent to distribute and to distribute approximately 870.7 grams of actual methamphetamine. In furtherance of that agreement, defendant possessed approximately 870.7 grams of actual methamphetamine and distributed approximately 870.7 grams of actual methamphetamine to another person.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct for Count One pursuant to USSG § 2D1.1(c) is a base offense level of 34, involving approximately 870.7 grams of actual methamphetamine, prior to adjustments. The parties agree that the cross-reference in USSG § 2D1.1(d)(1) to USSG § 2A1.2(a) determines the offense level of 38, because Moreno was killed under circumstances that would constitute second degree murder, had the killing taken place within the territorial or maritime jurisdiction of the United States, during the course of the drug trafficking conspiracy.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **18 U.S.C. § 3553(a) Variance**: If defendant timely accepts this offer, and forgoes litigating pretrial motions, the government will recommend an additional two-level decrease in the offense level to achieve a reasonable sentence under the factors listed in 18 U.S.C. § 3553(a).

10. **Advisory Guidelines Calculation:** The parties have no agreement with respect to defendant's Criminal History Category.

The parties stipulate and agree to the applicability of the following base offense level and adjustments on Count One of the Superseding Indictment in 3:19-cr-00482-IM:

| | |
|---|---|
| Base offense level (USSG § 2A1.2(a)) | 38 |
| Restraint of the Victim (USSG § 3A1.3) | +2 |
| Acceptance (USSG § 3E1.1) | -3 |
| 18 U.S.C. § 3553(a) Variance | -2 |
| **Total Offense Level** | **35** |

11. **Sentencing Recommendation:** The parties will jointly recommend a sentence of 168 months on Count One and 5 years of supervised release.

12. **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Bound:** If the Court accepts the parties' plea agreement, the Court agrees to be bound by the recommended sentence of the parties. Because this agreement is made under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties may rescind the agreement and defendant may withdraw his plea if the Court declines to follow the parties' agreement or recommendations. The recommended sentence of the parties is 168 months.

14. **Full Disclosure/Reservation of Rights:** The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.    **Forfeiture Terms**:

A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in proceeds he obtained from his criminal activity set forth in Count One of the Superseding Indictment pursuant to 21 U.S.C. § 853(a)(1), and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853 including any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of violations set forth in Count One, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations.

B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

E.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

17. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

### Transfer of Assets
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

### Restitution
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Superseding Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

18. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Benjamin T. Andersen
Re: Cruz-Lerma Plea Agreement Letter
Page 8
April 7, 2026

19. **Deadline**: This plea offer expires if not accepted by April 7, 2026, at 1:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ William M. Narus*
WILLIAM M. NARUS
First Assistant United States Attorney

*/s/ Nicole Hermann*
NICOLE HERMANN
Assistant United States Attorney

I have read this plea agreement carefully and reviewed every part of it with my attorney. I understand and voluntarily agree to its terms.

4/7/2026
Date

_____
FERNANDO ADOLIP CRUZ-LERMA
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to make this plea agreement is an informed and voluntary one.

4/7/2026
Date

_____
BENJAMIN T. ANDERSEN
Attorneys for Defendant

I have translated the above document verbatim to defendant as the interpreter in this case. I fully and accurately translated discussions between defendant and the attorney.

_____
Date

_____
Interpreter